(No. 75-319—

HILFINGER, ASBURY, CUFAUDE & ABELS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1976.*

HILFINGER, ASBURY, CUFAUDE & ABELS, Pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

148

PER CURIAM.

This cause is before this Court on the Joint Stipulation of the parties. The stipulation is set forth below and we adopt the factual matter set forth therein.

## STIPULATION

Now comes Hilfinger, Asbury, Cufaude and Abels, formerly Lundeen, Hilfinger and Asbury, a partnership, Claimant in the above entitled cause by Pratt, Larkin & Williams, its attorneys, Board of Governors of State Colleges and Universities, Respondent in the above entitled cause by Dunn, Brady, Goebel, Ulbrich, Morel and Jacob, its attorneys, and the State of Illinois by William J. Scott, Attorney General of the State of Illinois, and hereby stipulate the following:

1. That the claim of Claimant herein is a contract claim and recovery is sought under the provisions of sub-section B of Section 8 of the Court of Claims Act.

2. That Claimant's cause of action is supported by the following facts:

A. That Claimant was at all times herein mentioned, and is now, a partnership engaged in the practice of architecture with offices in Bloomington, Illinois.

B. That the Board of Governors of State Colleges and Universities, hereinafter referred to as Board of Governors, original Respondent herein, was, at all times herein mentioned, and is now a body corporate and politic responsible for the management, operation, control and maintenance of the State College and University System of the State of Illinois.

C. That Eastern Illinois University, Charleston, Illinois, was at all times herein mentioned, and is now, one of the State Colleges and Universities under the jurisdiction of said Board of Governors.

D. That the Illinois Building Authority was created by the Illinois General Assembly by an Act approved August 15, 1961, the provisions of said Act as amended being set forth in Sections 213.1 through 214 of Chapter 127 of the Illinois Revised Statutes of 1971 State Bar Association Edition.

E. That by an Act of the Legislature, designated Public Act 72-723 approved August 8, 1969, a certain building project, hereafter referred to herein as The Project at said Eastern Illinois University entitled "Construction of Life Science Building - Phase III" in the amount of $3,354,172.00 was declared to be in the public interest, a true and correct copy of said Act being attached to Claimant's complaint as Exhibit A and by reference is made a part hereof.

F. That on or about the 6th day of October, 1969, Board of Governors employed Claimant, in writing, to perform architectural services in connection with the construction of The Project, a true and correct copy of the Agreement between Board of Governors and Claimant, being attached to Claimant's complaint as Exhibit B and is by reference made a part hereof.

G. That in accordance with the Agreement between Claimant and Board of Governors, Claimant did perform architectural services in connection with The Project, to the extent that at least 74% of the basic services for which provision is made in Article 1 of said Agreement between Claimant and Board of Governors, being attached to Claimant's complaint as Exhibit B and by reference is made a part hereof, were completed by Claimant.

H. That in order to enable the Illinois Building Authority to provide The Project, the Agreement between Claimant and Board of Governors, was subsequently assigned to the Illinois Building Authority by Board of Governors, a true and correct copy of said assignment being attached to Claimant's complaint as Exhibit C and by reference made a part hereof.

I. That pursuant to an appropriation made by the Illinois General Assembly, Board of Governors did, on or about the 27th day of October, 1970, remit to the Illinois Building Authority, among other amounts the sum of $160,080.00, as rental on The Project in order to provide funds for construction, including payment of fees due Claimant for architectural services, a true and correct copy of the invoice voucher evidencing said payment being attached to Claimant's complaint as Exhibit D and by reference made a part hereof.

J. That on or about May 2, 1971, the executive officer of the Board of Higher Education of the State of Illinois made certain recommendations to that Board that the construction of The Project, along with certain other projects mentioned therein be deferred. The Project is referred to in category C of said recommendation, a true and correct copy of said recommendation is attached to Claimant's complaint marked Exhibit E and by reference made a part hereof.

K. That pursuant to the recommendation of said executive officer the Board of Higher Education of the State of Illinois did, at its meeting on May 2, 1972, pass a resolution approving the recommendation of the executive officer above referred to (Exhibit E) the effect of which was to cancel or abandon construction of The Project. A true and correct copy of the pertinent part of the minutes of said meeting is attached to Claimant's complaint marked Exhibit F and by reference made a part hereof.

L. That by an Act of the Legislature, effective October 1, 1973, there was created a Capital Development Board of the State of Illinois and the statutory provisions pertaining to same are found in Sections 771 through 792 of Chapter 127 of the Illinois Revised Statutes of 1973 State Bar Association Edition.

M. That among other things, said Capital Development Board was required by Section 781 of said Statute to establish a schedule for the transfer of projects previously authorized by the General Assembly for construction by the Illinois Building Authority but not bonded by the Illinois Building Authority at the time the Development Board Act became effective, including assignment of construction contracts and other related contracts.

The Act further provides in Section 779.07 that said Capital Development Board was authorized to accept assignments of contracts entered into by other State Agencies for construction services on projects over which the Capital Development Board shall have jurisdiction.

N. That The Project was among those referred to in said Statute which were previously authorized by the General Assembly for construction by the Illinois Building Authority but not bonded by the Illinois Building Authority as of the effective date of the Act.

O. That the schedule of projects for transfer from the Illinois Building Authority to the Capital Development Board was prepared, a true and correct copy of same is attached to Claimant's complaint marked Exhibit G and by reference made a part hereof.

P. That construction of The Project having been abandoned by the determination of the Illinois Board of Higher Education on or about May 2, 1972, The Project was not included among those scheduled for transfer

from the Illinois Building Authority to the Capital Development Board, and likewise the contract with Claimant for performance of architectural services was not assigned by the Illinois Building Authority to the Capital Development Board.

Q. That the $160,080.00 appropriation above referred to was the only sum of money ever paid over to the Illinois Building Authority in connection with The Project, and that sum together with interest earned thereon was intended to be used by the Illinois Building Authority for the payment of expenses in connection with The Project, including fees due Claimant.

R. That on or about the 8th day of September, 1972, before Claimant submitted a statement to Board of Governors, the invoice voucher of the Illinois Building Authority was mailed to the Board of Governors by the Illinois Building Authority, which said voucher was in the amount $167,524.73, which included the $160.080.00 rental payment received plus $11,733.20 investment income less administrative expense of $4,288.47, a true and correct copy of the Illinois Building Authority letter of transmittal dated September 8, 1972, and the invoice referred to therein being attached to Claimant's complaint, marked Exhibits H and I respectively, and made a part hereof.

S. That Warrant No. AA3043433 dated September 12, 1972, in the amount of $167,524.73 payable to Board of Governors representing a refund of said appropriated funds previously disbursed as prepaid rentals plus investment income, less administrative expense as referred to above was forwarded to the Auditor of Public Accounts of the State of Illinois by Board of Governors for deposit in the General Revenue Fund of the State of Illinois, a true and correct copy of the letter of transmittal being attached to Claimant's complaint, marked

Exhibit J and by reference made a part hereof. That before Claimant submitted a statement to Board of Governors, said sum of money was in fact redeposited in the General Revenue Fund of the State of Illinois.

T. That there is due and owing to Claimant herein in behalf of architectural services rendered pursuant to said contract, the sum of $135,507.00, and itemized statement showing the basis of said claim being attached to Claimant's complaint, marked Exhibit K and by reference made a part hereof.

U. That Claimant did, on or about the 19th day of December, 1973, send said itemized statement along with certificate voucher, to Eastern Illinois University, Charleston, Illinois, requesting payment of said sum of $135,507.00 due Claimant, a true and correct copy of said certificate voucher being attached to Claimant's complaint marked Exhibit L and by reference made a part hereof.

V. That said itemized statement and certificate voucher were subsequently presented to the Illinois Building Authority and to Board of Governors, and that Claimant has been notified in each instance by Eastern Illinois University, the Board of Governors of State Colleges and Universities, and by the Illinois Building Authority that its claim for money due in behalf of services rendered pursuant to its contract with Board of Governors cannot be paid by reason of the fact that appropriated funds disbursed as rentals and previously available for payment to Claimant had been redeposited in the General Revenue Fund of the State of Illinois and were no longer available for payment of said claim.

W. That allowance of Claimant's claim will have the same practical effect as the allowance of a claim based upon a lapsed appropriation in that the original appropriated sum reposes in the State Treasury and payments will be made from the State Treasury.

X. That Claimant has exhausted all remedies available to it, and Claimant is without remedy in the premises except by way of proceedings in this Court.

3. That Claimant's claim has been presented to Eastern Illinois University, Charleston, Illinois, the Board of Governors of State Colleges and Universities and the Illinois Building Authority commencing on or about December 19, 1973. Payment in each instance has been declined essentially on the basis that there are no funds appropriated for payment of same, funds previously appropriated for this purpose having been redeposited in the General Revenue Fund of the State of Illinois as stipulated between the parties in paragraph 2 of this Stipulation.

4. That Claimant, Hilfinger, Asbury, Cufaude and Abels, a partnership, formerly Lundeen, Hilfinger and Asbury, a partnership, is the sole owner of the claim, and no other person, firm or corporation has any interest therein, and said Claimant became interested from and after the 6th day of October, 1969, the date the employment contract was entered into between Claimant and Board of Governors as referred to in Paragraph 2 of this Stipulation.

5. That no assignment or transfer of the claim or any part thereof or interest therein has been made.

6. That Claimant is justly entitled to the amount herein claimed after allowing all just credits.

7. That neither this claim or any claim arising out of the same occurrence or transaction has been previously presented to any person or corporation or tribunal other than the State of Illinois.

8. That an itemization or bill of particulars stating in detail the amount claimed is attached to the complaint as Exhibit K and by reference is made part hereof.

9. That the claim, the subject matter of this proceeding being against the Treasurer of the State of Illinois and not against the Board of Governors, the proper party to represent the State of Illinois herein is the Office of the Attorney General.

10. That the Court award to the Claimant herein the sum of $135,507.00.

Inasmuch as the facts set forth in the departmental report and the stipulation of the parties support an award of the amount claimed, this Court so finds and Claimant is hereby awarded the sum of One Hundred Thirty-Five Thousand Five Hundred Seven Dollars ($135,507.00).